Mr. Junker. Thank you, Your Honor. May it please the Court, my name is Joel Junker, appearing on behalf of Nufarm Americas, Inc., Plaintiff Appellant in this matter, with the leave of the Court Officer at three minutes for rebuttal. I'd like to begin by noting that there are some threshold issues raised by plaintiffs as to whether or not certain constitutional issues can be raised on the grounds that they are non-justiciable political questions and issues newly raised on appeal. We've addressed those in our reply brief, and if the Court has no questions on those, I'd like to move to the two principal issues before the Court, the question of constitutionality under the Export Clause and jurisdiction under 1581I. I'd like to begin by trying to drive one more whipstake into the heart of the customs argument that there is a meaningful distinction between duties imposed and duties assessed for purposes of Export Clause analysis. Well, you know, I just asked you a preliminary question. It's a strange preliminary question, but I want to pose this hypothetical to you. Suppose instead of the way the regulation is now written, the regulation is stated as follows, that when you bring in goods, you have the duty then assessed and you pay them at that time, unless you tell them that at that point, that you're not paying to use or sell the goods in the United States, but you're going to export them. In that event, according to my hypothetical regulation, you're told the duty is going to be fixed, but you don't have to pay it unless or until you export the goods. And that's what happens. You export the goods, and then they say, OK, now that you've exported, we want you to pay the duty. Would the imposition of the duty in those circumstances, in your view, violate the Export Clause? Yes, Your Honor, because the payment of the duty is still conditioned on the export of the goods. And it doesn't matter what the duty is or how it's calculated. That's correct. The issue is not what it's called. The issue is its functional effect. If it is a duty which functionally imposes, is laid on the export of goods and burdens them, that duty as a condition of export is unconstitutional. But how does it burden the goods when as a you got the advantage of not having to pay the duty when you imported the goods? Your Honor, if the purpose of the regulation, as you've revised it in your hypothetical, is still to discourage and discriminate against particular goods going to NAFTA countries as opposed to other countries, there is still a discriminatory effect specifically designed to limit and regulate and discriminate through the application of duties on certain exports. And therefore, I would submit that they are still burdening the export and violate the Export Clause. Maybe I misunderstood Judge Friedman's hypothetical, but it seems to me under the hypothetical, everybody's treated the same. The importers pay the tax when they come in, and the exporters, if anything, have an advantage because they get their duty deferred until such time as they export it. So, I'm not clear. I mean, I think you could argue that that's distinguishable from this circumstance, but I don't understand how that would be... Everybody who imports gets paid, is levied a tax. The only advantage to anyone...